IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MANKIE,<br>     Plaintiff | )<br>)<br>) |
| vs. | ) Civil Action No. 06-1205<br>) Judge Nora Barry Fischer/ |
| RAMON RUSTIN, Warden; DR. BRUCE DIXON, Director, Allegheny County Health Services; DR. PATTERSON, Physician, Allegheny Correctional Health Services,<br>     Defendants | ) Magistrate Judge Amy Reynolds Hay<br>)<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that the complaint in the above-captioned case (Docket No. 3) be dismissed for failure to prosecute.

II. REPORT

Plaintiff, James Mankie, has presented a civil rights complaint against Ramon Rustin, Warden, Dr. Bruce Dixon, Director Allegheny County Health Services, and D. Patterson, Physician Allegheny Correctional Health Services, alleging that while he was housed at the Allegheny County Jail, Dr. Patterson discontinued plaintiff's prescription for Vicodan and prescribed another medication that was not effective. Plaintiff contends that he is in constant pain as a result and that his grievances and letters to Drs. Patterson and Dixon have not been responded to.

On January 17, 2007, this Court issued an order directing the Marshal to make

service on the defendants as directed by the plaintiff.  On January 30, 2007, the Marshal's Office sent a letter to plaintiff requesting that he forward the proper information so that service could be made.  Plaintiff failed to respond and on April 9, 2007, the Court issued an order directing the plaintiff to show cause on or before April 30, 2007, why the case should not be dismissed for failure to prosecute.  To date, plaintiff has failed to respond or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court.  <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors.  These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to respond to the Marshal's request for information and failure to comply with this Court's order which weigh heavily against him.  Plaintiff's failure to provide the Marshal's Office with the information necessary to the

progress of his case and failure to respond to the Court's order to show cause was not only solely his personal responsibility but his failure to provide the information required to serve his complaint even three months later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's order -- there appears to be no specific prejudice to defendants as they have not yet been served with the complaint.  Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendants may have meritorious defenses.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.  Since the plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate.  Moreover, because he has failed to provide the Marshal's Office with the necessary information so that the case may go forward and failed to respond to the Court's order to show cause, it appears that the plaintiff has no serious interest in pursuing this case.  Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

3

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/S/ AMY REYNOLDS HAY
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 3 May, 2007

cc:　　James Mankie
　　　　1517 Eckert Street
　　　　Pittsburgh, PA 15212